# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| **PAMELA SMOTHERS,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 6:21-CV-01057-RDP |
| **ROGER CHILDERS, et al.,** | } |
| **Defendants.** | } |

## MEMORANDUM OPINION

This case is before the court on Defendant Walker County's Motion to Dismiss. (Doc. # 7). The motion is fully briefed (Docs. # 8, 17, 18) and ripe for decision. For the reasons provided below, the motion is due to be denied.

**I.    Background**

Plaintiff, as the administrator and personal representative of Mitchell Wayne Smothers Junior's estate, brings this action seeking damages for Smothers' death. (Doc. # 3). Plaintiff alleges that Smothers died because of inadequate medical care while he was housed in Walker County Jail. (*Id*.). Plaintiff names Roger Childers, Preemptive Forensic Health Solutions, and Walker County as defendants in addition to fictitious parties. (*Id.*).

The only cause of action that Plaintiff brings against Walker County is a § 1983 Failure to Fund claim. (*Id*. at 29-31). Plaintiff alleges that "Walker County has a duty to pay for medical care provided to inmates." (*Id*. at 30). And, Plaintiff claims that Walker County continued a contractual relationship with Preemptive despite knowledge and deliberate indifference towards the lack of necessary medical care provided because Preemptive was the lowest-cost medical provider. (*Id.* at 12, 30-31).

**II.     Standard of Review**

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)).

That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense ... to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that the well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

**III.     Analysis**

Plaintiff brings a single cause of action against Walker County: § 1983 Failure to Fund. (Doc. # 29-31). Defendants argue that Plaintiff's Failure to Fund claim is actually a veiled-*respondeat-superior* claim that seeks to hold the County liable for the failings of Childers and Preemptive Forensic Health Solutions. (Doc. # 7 at 2).[1] At least at this stage of the case, the court cannot agree.

As long as a plaintiff's failure to fund claim against an Alabama county has facial plausibility, the claim will survive the motion to dismiss phase of litigation. *See Cole v. Walker Cty.*, No. 6:14-cv-01671-JEO, 2015 WL 1733810 at *4 (N.D. Ala. Apr. 16, 2015); *Henson v. Walker Cty.*, No. 7:20-cv-00071-LSC, 2020 WL 721164 at *6 (N.D. Ala. Dec. 7, 2020); *Shaw v. Coosa Cty. Comm'n*, 330 F. Supp. 2d 1285, 1288-89 (M.D. Ala. 2004); *Gaines v. Choctaw Cty. Comm'n*, 242 F. Supp. 2d 1153, 1161 (S.D. Ala. 2003); *Estate of West v. Smith*, No. 17-0291-CG-MU, 2017 WL 11512583 at *3-4 (S.D. Ala. Sept. 8, 2017). For the reasons provided below, the court concludes that Plaintiff has sufficiently pleaded his failure to fund claim against the County, and, thus, Defendant's motion is due to be denied.

---

[1] To be clear, municipalities and other local government units cannot be held liable under § 1983 on a theory of *respondeat superior*. *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). So, any allegations in this case that are directed at Walker County and not relevant to a failure to fund claim are off target.

3

Section 1983 provides that "[e]very person who, under color of any statute … subjects, or causes to be subjected, any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party...." 42 U.S.C. § 1983. And here, Plaintiff alleges that he was deprived of his right under the Eighth (and Fourteenth) Amendment to be free from cruel and unusual punishment. (Doc. # 3 at 31).

In a § 1983 action against a county, a plaintiff must illustrate "that the constitutional violation occurred as a result of a county policy." *Cagle v. Sutherland*, 334 F.3d 980, 986 (11th Cir. 2003). In addition, the plaintiff must show that the county had the "requisite degree of culpability" and that there is a "direct causal link" between the county's action and the deprivation. *Id.*

"Alabama counties have no duties with respect to the daily operation of the county jails and no authority to dictate how the jails are run." *Turquitt v. Jefferson Cty*, 137 F.3d 1285, 1291 (11th Cir. 1998). But, Alabama counties are responsible for funding "[n]ecessary medicine and medical attention to those prisoners who are sick or injured…" Ala. Code 1975 § 14-6-19. This statute places a duty on Alabama counties to fund medical care for inmates. *See Shaw v. Coosa Cty. Comm'n*, 330 F. Supp. 2d 1285, 1289 (M.D. Ala. 2004) (citing *Gaines v. Choctaw Cty. Comm'n*, 242 F. Supp. 2d 1153, 1161 (S.D. Ala. 2003)); *Cole v. Walker Cty.*, 2015 WL 1733810 at *4. Thus, when a plaintiff sufficiently alleges a failure to appropriate adequate funds for medical care against an Alabama county, the court cannot conclude as a matter of law that the county could not be held liable under § 1983. *Id.*; s*ee Turquitt*, 137 F.3d at 1290.

Plaintiff makes several allegations that support a failure to fund claim against Walker County. For example, Plaintiff asserts that the County contracted with Preemptive because it "was the lowest cost provider of medical services it could find." (Doc. # 3 at 12). Plaintiff further alleges

4

that the County continued to contract with Preemptive and Childers despite knowledge that Childers was depriving prisoners of adequate medical care, and Plaintiff asserts that the County's rationale for the continued relationship was "to avoid having to pay more money for necessary inmate medical care." (*Id.* at 17). Plaintiff also contends that Walker County's failure to adequately fund medical care led to the "needless and avoidable suffering and death … of Mitchel Wayne Smothers." (*Id.*). When read in the light most favorable to Plaintiff, these allegations -- along with others in the complaint -- "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft* 556 U.S. at 678.

## IV.    Conclusion

Plaintiff has pleaded sufficient facts under Rule 8 for a § 1983 failure to fund claim against Walker County. As a result, Defendant's motion to dismiss is due to be denied.

A separate order in accordance with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this November 3, 2021.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE